IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JESSE WILLIAM MCGRAW,** an inmate as an individual; and **PAUL MARONE,** an inmate as an individual, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:13-CV-740-L** |
| **WARDEN EDDIE MEJIA, Federal Correctional Institution, Seagoville; ASSOCIATE WARDEN BARBARA BLANKENSEE; LIEUTENANT NFN GENTRY; LIEUTENANT NFN SHANNON; LIEUTENANT NFN WIGGINTON; CASE MANAGER NFN SMITH; PATRICIA ANTHONY; CASE MANAGER NFN HOFFMAN; COUNSELOR NFN THURNSTON; LIEUTENANT NFN WILSON; MAUREEN CRUZ, Former Warden; and the UNITED STATES OF AMERICA,** | § § § § § § § § § § § § § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court are the Individual Federal Defendants' Motion to Dismiss (Doc. 21), filed July 15, 2013; and Defendant United States of America's Motion to Dismiss Count V and Count VI of Plaintiffs' Complaint for Lack of Subject Matter Jurisdiction (Doc. 25), filed July 15, 2013.  After careful consideration of the motions, pleadings, record, and applicable law, the court **grants** the Individual Federal Defendants' Motion to Dismiss and **denies** Defendant United States of America's Motion to Dismiss Count V and Count VI.  The court will, however, give Plaintiffs an opportunity

**Memorandum Opinion and Order - Page 1**

to amend their Civil Complaint, as it relates to the Individual Federal Defendants' Motion to Dismiss.

## I.      Factual and Procedural Background

Plaintiffs Jesse McGraw ("McGraw") and Paul Marone ("Marone") filed their Civil Complaint ("Complaint") against Warden Eddie Mejia, Associate Warden Barbara Blankensee, Lieutenant Gentry, Lieutenant Shannon, Lieutenant Wigginton, Case Manager Smith, Patricia Anthony, Case Manager Hoffman, Counselor Thurnston, Lieutenant Wilson, and Maureen Cruz (collectively, "Defendants") on February 14, 2013.  Plaintiffs set forth six claims against Defendants: (1) Fifth Amendment "due process" violations; (2) Six Amendment rights violations; (3) Eighth Amendment rights violations; (4) conspiracy to violate Plaintiffs' Fifth, Sixth, and Eighth Amendment rights; (5) false imprisonment under Texas law; and (6) intentional infliction of emotional distress under Texas law. On March 31, 2014, the court entered an order substituting the United States of America as the party defendant for the individual Defendants in Counts V and VI.

The individual Defendants filed a motion to dismiss Counts I-IV for failure to state a claim. Additionally, the United States of America filed a motion to dismiss Counts V and VI for lack of subject matter jurisdiction.

### A.      Alleged Facts Relating to Plaintiff Jesse McGraw[1]

On June 26, 2009, McGraw was arrested for causing the  Transmission of a Malicious Code, Computer Program, Code or Command, in violation of 18 U.S.C. §§ 1030(a)(5)(A) and 1030(c)(4)(B)(iv).  On June 29, 2009, he was transferred to the Federal Correctional Institution in

---

[1] Many of the dates provided by McGraw differ from the dates that Defendants provide in their Appendix; however, in reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.  The facts discussed in this section are those stated by McGraw.

**Memorandum Opinion and Order - Page 2**

Seagoville, Texas.  McGraw was convicted, and on March 17, 2011, he was sentenced to 110 months in prison.

On January 31, 2012, McGraw received a "lockup order," signed by Lieutenant Wigginton, which stated that McGraw violated prison regulations by using another inmate's e-mail account for his own benefit.  McGraw was placed in administrative detention, and McGraw admitted the violation.  McGraw contends that a copy of the Incident Report was given to him on September 27, 2012, eight months after the incident.  There was a disciplinary hearing on October 4, 2012.  McGraw then received a report with his sanctions on November 15, 2012.  McGraw is still in administrative segregation.

McGraw contends that he asked some of Defendants for an explanation as to why he was subject to such a long administrative detention.  McGraw asserts that Defendants responded by saying that the matter was turned over to the FBI.

McGraw contends that he made every attempt to exhaust his administrative remedies by requesting that he be provided with "BOP Forms" to accomplish each stage of the administrative proceedings; however, McGraw contends that Defendants did not provide the relevant forms, such as BP-8s and 9s.  He also asserts that Lieutenant Shannon told him that "we go only by who you are," when discussing the length of the detention.

McGraw contends that Defendants willfully detained him when they stated that the lengthy detention was due to FBI investigations.  McGraw alleges that this detention was against his consent and that the period was extended maliciously in violation of his due process rights.  McGraw also contends that during his administrative detention from January 31, 2012, to October 4, 2012, he was subjected to (1) verbal abuse constantly; (2) retaliatory conduct; (3) physical injuries; (4) exposure

to lead paint, (5) exposure to contaminated meals; (6) lack of basic medical care; (7) emotional injuries; and (8) 125 degree conditions.  Because of these types of conditions, McGraw contends that he experienced starvation, dehydration, mental breakdowns, visual hallucinations, losses of memory, mental depression, suicidal thoughts, and physical injuries.    McGraw also contends that Defendants prevented him from having legal visits with his attorney.

### B.    Alleged Facts Relating to Plaintiff Paul Marone[2]

On August 3, 2011, Marone was arrested for Coercion and Enticement of a Minor Female, in violation of 18 U.S.C. § 2423(b).  Marone was convicted, and on March 26, 2012, he was sentenced to three years in prison.  On June 5, 2012, Marone self surrendered to the Federal Correctional Institution at Seagoville, Texas.  On September 20, 2012, the staff in Seagoville determined that he used the prison telephones to call the victim in his underlying case, which was contrary to the court's order.  Marone was immediately placed in administrative detention. He was not given a "lockup order" within a reasonable time after he was placed in administrative detention. On October 1, 2012, Marone asked Lieutenant Shannon if he could have the order.  Lieutenant Shannon said he would receive it the next day, but Marone did not receive it that next day.

On November 6, 2012, Marone asked for a BOP BP-8 and BP-9 form so that he could exhaust his administrative remedies; however, he was ignored, ridiculed, and never provided with the forms. On December 12, 2012, Marone asked Case Manager Martinez for the forms again, but he was not provided with them.  On December 31, 2012, and January 2, 2013, Marone asked if he

---

[2] Many of the dates provided by Marone differ with the dates that Defendants provide in their Appendix; however, in reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.   The facts stated in this section are those stated by Marone.

could call his attorney, but his request was denied. Marone contends that delivery of his legal mail and family mail was delayed for ten days.

On January 4, 2013, Marone received a copy of the Administrative Detention Order from Lieutenant Shannon; however, it was backdated and stated that Marone received the order on September 20, 2012. On January 16, 2013, Marone received a copy of the Incident Report, or lockup order. On January 23, 2013, Marone was given a Notice of Disciplinary Hearing. Marone was told that the administrative detention was lasting a long time because the matter was under FBI investigation.

Marone contends that Defendants knew about his emotional handicaps and were deliberately indifferent to them. Marone asserts that Defendants' conduct led to physical and mental damages. Marone contends that he was mentally abused and ridiculed by Defendants. Marone also contends that he was told that his attorney could not help him and that his attorney would not succeed against Defendants or FCI Seagoville. He was also told by Patricia Anthony that future legal visits with his attorney had to be carried out through the television monitoring system. Marone also contends that he was pressured by Case Manager Hoffman to disclose personal and legal information and that Hoffman refused to provide him access to his attorney.

## II.    Legal Standards

### A.    Standard for Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir.

2007).  A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).  While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly,* 550 U.S. at 555 (citation omitted).  The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.*  (quotation marks, citations, and footnote omitted).  When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief.  *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.  *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  In ruling on such a motion, the court cannot look beyond the pleadings.  *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).  The pleadings include the complaint and any documents attached to it.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).  Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'"  *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp*., 987 F.2d

429, 431 (7th Cir. 1993)).  In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion.  *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff.  *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002).  While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted).  Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted).  The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim.  *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).  Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc).  Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge.  *Adams*, 556 F.2d at 293.

### B.      Standard for Rule 12(b)(1) - Lack of Subject Matter Jurisdiction

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte.*").

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001) (citation omitted). Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state

a claim, the district court is entitled to consider disputed facts as well as undisputed facts in the record and make findings of fact related to the jurisdictional issue. *Clark v. Tarrant Cnty.*, 798 F.2d 736, 741 (5th Cir. 1986). All factual allegations of the complaint, however, must be accepted as true. *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.

## III.   Analysis

### A.   Individual Defendants' Motion to Dismiss Counts I-IV for Failure to State a Claim

#### 1.   *Failure to Exhaust Administrative Remedies*

The Individual Defendants argue that the court should grant Defendants' Motion to Dismiss Plaintiffs' *Bivens* constitutional tort claims (Counts I-IV) because Plaintiffs failed to exhaust their administrative remedies as to all Defendants.

Exhaustion of administrative remedies under 42 U.S.C. § 1997e(a) is mandatory and is required for any suit challenging prison conditions. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)); *Booth v. Churner*, 532 U.S. 731, 741 (2001); *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). Section 1997e(a) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In their Complaint, Plaintiffs contend that both McGraw and Marone made every attempt to exhaust their administrative remedies. Plaintiffs assert that McGraw "made every attempt to exhaust his administrative remedies by requesting that he be provided with BOP Forms to accomplish it at every stage of the administrative proceedings, however, these attempts were always frustrated by all defendants herein by not providing the required forms, like BP 8s and 9s." Pls.' Compl. 8. McGraw

Memorandum Opinion and Order - Page 9

also filed an attachment which he contends includes the dates of his attempts to seek remedy. McGraw contends that "he was prevented from exhausting his administrative remedies by acts of all defendants and others not yet named." *Id*. Plaintiffs also allege that Marone "requested that he be provided with a BOP BP-8 and BP-9 forms to exhaust administrative remedies but he was ignored by defendants, ridiculed by them and the forms were never provided to him." *Id*. at 11.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. Therefore, the court must accept that Plaintiffs made every attempt to exhaust their administrative remedies and that the remaining administrative remedies were not available to them. For these reasons, the court will deny Defendants' motion to dismiss as it applies to Plaintiffs' alleged failure to exhaust their administrative remedies.

> 2.    *Failure to State a Claim*

Defendants argue that Plaintiffs' Counts I-IV should be dismissed for failure to state a claim. Defendants allege that the court should dismiss these claims because Plaintiffs did not assert allegations that survive the pleading standards set forth by the Supreme Court in *Twombly* and *Iqbal*. The Rule 12(b)(6) standard required by these two cases has been previously stated by the court. Defendants also argue that all Individual Defendants assert qualified immunity and are entitled to its protection.

Qualified immunity shields federal and state officials from money damages unless Plaintiffs plead facts showing: (1) that the official violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct. *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080 (2011) (citation omitted). Additionally, under a *Bivens* action, each government official

**Memorandum Opinion and Order - Page 10**

is only liable for his or her own misconduct.  *Iqbal*, 556 U.S. at 677.  A plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution.  *Id*. at 676.

Plaintiffs' allegations in Counts I-IV do not properly set forth the violations committed by each Individual Defendant.  Instead, Plaintiffs refer to Defendants collectively.  A few of the Individual Defendants are referred to in Plaintiffs' facts at the beginning of their Complaint; however, Plaintiffs do not clearly demonstrate the personal involvement of each Defendant within Counts I-IV.  Additionally, Counts I-IV do not clearly distinguish between the facts that apply to McGraw and those that apply to Marone.  For these reasons, Plaintiffs' Complaint is not a model of pellucid draftsmanship.

The court will not expend scarce judicial resources by trying to determine which part of each of the six Counts applies to each of the eleven Individual Defendants.  The court will also not expend time by attempting to determine which facts apply to each Plaintiff.  The Complaint is a labyrinth that the court will not attempt to navigate.  **For these reasons, the court grants Defendants' Motion to Dismiss as it relates to Counts I-IV; however, the court will give Plaintiffs the opportunity to file an amended complaint by May 1, 2014.**

> **B.      The United States of America's Motion to Dismiss Counts V and VI for Lack of Subject Matter Jurisdiction**

Defendant United States of America files a Rule 12(b)(1) motion to dismiss Counts V and VI for lack of subject matter jurisdiction because it contends that Plaintiffs failed to file an administrative claim as required by the Federal Torts Claims Act ("FTCA").  Counts V and VI in Plaintiffs' Complaint are false imprisonment and intentional infliction of emotional distress claims, respectively.

The FTCA permits private parties to sue the United States and its agencies in a federal court for most torts committed by persons acting on the government's behalf, and the FTCA serves as a limited waiver of sovereign immunity.  *See* 28 U.S.C. § 2674.  The court agrees that the FTCA necessarily controls Plaintiffs' claims against the United States.  Although Plaintiffs do not explicitly invoke the FTCA in their Complaint, the court construes Plaintiffs' claim as such.  If Plaintiffs were not advancing their tort claims under the FTCA, sovereign immunity would prove an impassable hurdle and completely bar any claim against the United States or its agencies.

The FTCA bars a claimant from bringing a suit in federal court unless he filed an administrative claim with the appropriate federal agency and either obtained a written denial or waited six months.  *See* 28 U.S.C. § 2675(a).[3]  Under the FTCA, Plaintiffs must give notice of their claim to the appropriate federal agency.  *See Cook v. United States*, 978 F.2d 164, 165-66 (5th Cir. 1992).  "Furnishing notice is a jurisdictional prerequisite to filing suit under the FTCA."  *Id*. at 166 (citation omitted).  "A claimant gives proper notice within the meaning of § 2675(a) only when the agency obtains sufficient written information to begin investigating and the claimant places a value

---

[3] The statute provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.  The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

28 U.S.C. § 2675(a).

**Memorandum Opinion and Order - Page 12**

on his claim." *Id.* (citation omitted).  No particular method of giving notice is required.  *Id.* (citation omitted).  Filing a Form 95 with the agency is the usual method.  *Id.* (citation omitted).

In Section (III)(A)(1), the court explained that Plaintiffs allege that they made every attempt to exhaust their administrative remedies.  According to Plaintiffs, these attempts were frustrated by Defendants.  Additionally, in the brief filed by the Individual Defendants' attorney (who is the same attorney for the United States), Defendants admit that McGraw did file a BP-10 with the Bureau of Prisons Regional Office.[4]  Individual Defs.' Br. in Supp. of Mot. to Dismiss 6.  The court determines that this is sufficient notice under the FTCA.  Moreover, even if this is not sufficient notice, the court, taking Plaintiffs' well-pleaded facts as true, determines that Plaintiffs' attempts to provide the BOP with notice were frustrated by the Individual Defendants.

The court notes that in Plaintiffs' response to the United States of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction, Plaintiffs argue that the court "can exercise Supplemental Jurisdiction over plaintiffs' claims of False Imprisonment and Intentional Infliction of Emotional Distress, which are Texas Common Law claims of relief."  Pls.' Jt. Opp'n to Defs.' Mot. to Dismiss.  Plaintiffs also argue that these claims "are so related to the claims for violation of the First and Eight Amendment rights that they form part of the same case or controversy."  *Id.*[5]  Finally, Plaintiffs state that no factors in 28 U.S.C. § 1367(c) favor dismissal.  *Id.*

Plaintiffs are incorrect.  This is neither a matter of supplemental jurisdiction nor an issue of the claims being a part of the same case or controversy.  The court has already explained that this is an issue of sovereign immunity and the process required when a claim under the FTCA is asserted.

---

[4] Defendants then explain why the BP-10 was rejected.

[5] The court notes that the reference to the First Amendment was most likely a typographical error, as the First Amendment was not the subject of any of Plaintiffs' claims.

**Memorandum Opinion and Order - Page 13**

Even though Plaintiffs may have misunderstood Defendants' motion, the court determines that the proper notice was given, and that even if the proper notice was not given, Plaintiffs' attempts were frustrated by Defendants.  Therefore, the court will deny Defendant's motion to dismiss Counts V and VI.

## IV.   Conclusion

For the reasons herein stated, the court **grants** the Individual Defendants' Motion to Dismiss Counts I-IV; however, Plaintiffs have until **May 1, 2014** to file an amended complaint that addresses the issues that the court previously discussed.  Further, the court **denies** the United States of America's Motion to Dismiss Counts V and VI.  The court is not satisfied with the parties' treatment and discussion regarding Counts V and VI, and is not opposed to reconsidering this issue, provided the parties fully set forth what actually transpired.

**It is so ordered** this 3rd day of April, 2014.

Sam A. Lindsay
United States District Judge