IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JESSE WILLIAM MCGRAW,** an inmate as an individual; and **PAUL MARONE,** an inmate as an individual, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:13-CV-740-L** |
| **WARDEN EDDIE MEJIA, Federal Correctional Institution, Seagoville; ASSOCIATE WARDEN BARBARA BLANKENSEE; LIEUTENANT NFN GENTRY; LIEUTENANT NFN SHANNON; LIEUTENANT NFN WIGGINTON; CASE MANAGER NFN SMITH; PATRICIA ANTHONY; CASE MANAGER NFN HOFFMAN; COUNSELOR NFN THURNSTON; LIEUTENANT NFN WILSON; MAUREEN CRUZ, Former Warden; and the UNITED STATES of AMERICA,** | § § § § § § § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is the Individual Federal Defendants' Motion for Summary Judgment on

Exhaustion of Administrative Remedies and Motion to Dismiss on Qualified Immunity (Doc. 47),

filed June 13, 2014. After careful consideration of the motion, pleadings, record, and applicable law,

the court **grants** Defendants' Motion for Summary Judgment on Exhaustion of Administrative

Remedies.

## I.      Factual and Procedural Background

Plaintiffs Jesse McGraw ("McGraw") and Paul Marone ("Marone") filed their First Amended Complaint ("Amended Complaint") against Warden Eddie Mejia, Associate Warden Barbara Blankensee, Lieutenant Gentry, Lieutenant Shannon, Lieutenant Wigginton, Case Manager Smith, Patricia Anthony, Case Manager Hoffman, Counselor Thurnston, Lieutenant Wilson, and Maureen Cruz (collectively, "Individual Defendants") on May 16, 2014.  Plaintiffs' Amended Complaint sets forth five claims against the Individual Defendants: (1) Fifth Amendment "due process" violations; (2) Eighth Amendment rights violations;[1] (3) conspiracy to violate Plaintiffs' Fifth and Eighth Amendment rights; (4) false imprisonment under Texas law; and (5) intentional infliction of emotional distress under Texas law.  On February 11, 2015, the court dismissed Plaintiffs' claims for false imprisonment and intentional infliction of emotional distress against the United States of America.

### A.      Alleged Facts Relating to Plaintiff Jesse McGraw[2]

On June 26, 2009, McGraw was arrested for causing the Transmission of a Malicious Code, Computer Program, Code or Command, in violation of 18 U.S.C. §§ 1030(a)(5)(A) and 1030(c)(4)(B)(iv).  On March 17, 2011, McGraw was sentenced to 110 months in prison.

On January 31, 2012, McGraw received a "lock up order," signed by Lieutenant Wigginton, which stated that McGraw violated prison regulations by using another inmate's e-mail account for his own benefit.  McGraw was placed in administrative detention, and he admitted the violation.

---

[1] McGraw asserts a claim for violations of his Eighth Amendment rights, but Marone does not.  Pls.' Am. Compl. ¶¶ 132-39.

[2] Many of the dates provided by McGraw differ from the dates that Defendants provide in their Appendix, and at this stage of the litigation, the court does not accept them as true.  The court nonetheless summarizes the Plaintiffs' allegations.

**Memorandum Opinion and Order - Page 2**

McGraw contends that a copy of the Incident Report was given to him on September 27, 2012, eight months after the incident.  There was a disciplinary hearing on October 4, 2012.  McGraw then received a report with his sanctions on November 15, 2012.

McGraw contends that he asked some of the Defendants for an explanation as to why he was subject to such a long administrative detention.  McGraw asserts that Defendants responded by saying that the matter was turned over to the FBI.

McGraw contends that he made every attempt to exhaust his administrative remedies by requesting that he be provided with "BOP Forms" to accomplish each stage of the administrative proceedings; however, he contends that Defendants did not provide the relevant forms, such as BP 8s and 9s.  He also asserts that Lieutenant Shannon told him, "[W]e go only by who you are," when discussing the length of the detention.

McGraw contends that Defendants willfully detained him when they claimed that the lengthy detention was due to FBI investigations.  McGraw alleges that this detention was against his consent and that the period was extended maliciously in violation of his due process rights.  He also contends that during his administrative detention from January 31, 2012 to October 4, 2012, he was subjected to (1) constant verbal abuse; (2) retaliatory conduct; (3) physical injuries; (4) exposure to lead paint, (5) exposure to contaminated meals; (6) a lack of basic medical care; (7) emotional injuries; and (8) 125 degree conditions.  Because of these types of conditions, McGraw maintains that he experienced starvation, dehydration, mental breakdowns, visual hallucinations, losses of memory, mental depression, suicidal thoughts, and physical injuries. McGraw also contends that Defendants prevented him from having legal visits with his attorney.

### B.      Alleged Facts Relating to Plaintiff Paul Marone[3]

On August 3, 2011, Marone was arrested for Coercion and Enticement of a Minor Female, in violation of 18 U.S.C. § 2423(b).  On March 26, 2011, Marone was sentenced to three years in prison.  On June 5, 2012, Marone self surrendered to the Federal Correctional Institution at Seagoville, Texas.  On September 20, 2012, the staff in Seagoville determined that he used the prison telephones to call the victim in his underlying case, which was contrary to the court's order. Marone was immediately placed in administrative detention.  He was not given a "lock up order" within a reasonable time after he was placed in administrative detention.  On October 1, 2012, Marone asked Lieutenant Shannon if he could have the order.  Lieutenant Shannon said he would receive it the next day, but Marone did not receive it that next day.

On November 6, 2012, Marone asked for a BOP BP-8 and BP-9 form so that he could exhaust his administrative remedies; however, he was ignored, ridiculed, and never provided with the forms. On December 12, 2012, Marone asked Case Manager Martinez for the forms again, but he was not provided with them.  On December 31, 2012, and January 2, 2013, Marone asked if he could call his attorney, but his request was denied.  He contends that his legal mail and family mail were delayed for 10 days from delivery.

On January 4, 2013, Marone received a copy of the Administrative Detention Order from Lieutenant Shannon; however, it was backdated and said that Marone received the order on September 20, 2012.  On January 16, 2013, Marone received a copy of the Incident Report, or lock up order. On January 23, 2013, Marone was given a Notice of Disciplinary Hearing.  He was told

---

[3] Many of the dates provided by Marone differ from the dates that Defendants provide in their Appendix, and at this stage of the litigation, the court does not accept them as true.  The court nonetheless summarizes the Plaintiffs' allegations.

**Memorandum Opinion and Order - Page 4**

that the administrative detention was lasting a long time because the matter was under FBI investigation.

Marone contends that Defendants knew about his emotional handicaps and were deliberately indifferent to them, and asserts that Defendants' conduct led to physical and mental damages. Marone contends that he was mentally abused and ridiculed by Defendants. Marone also contends that he was told that his attorney could not help him and that his attorney would not succeed against Defendants or FCI Seagoville. He was also told by Patricia Anthony that future legal visits with his attorney had to be carried out through the television monitoring system. Marone also contends that he was pressured by Case Manager Hoffman to disclose personal and legal information, and Hoffman refused to provide him access to his attorney.

## II.    Summary Judgment Standard

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Id.* (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element

**Memorandum Opinion and Order - Page 6**

essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

McGraw filed no response to the summary judgment motion. This failure, of course, does not permit the court to enter a "default" summary judgment. *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). A court, however, is permitted to accept the movant's facts as undisputed when no response or opposition is filed. *Id.* Normally, "[a] summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Schubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). In this case, there is evidence presented by way of an affidavit by McGraw that the court will consider to the extent that it constitutes competent summary judgment evidence.

## III.    Analysis

### A.    Individual Federal Defendants' Motion for Summary Judgment on Exhaustion of Administrative Remedies

The Individual Defendants argue that the court should grant Defendants' Motion for Summary Judgment on Plaintiffs' *Bivens* constitutional tort claims (Counts I-III) because Plaintiffs failed to exhaust their administrative remedies as to all of the Individual Defendants. Counts I-III are claims for (1) Fifth Amendment "due process" violations; (2) Eighth Amendment rights violations;[4] and (3) conspiracy to violate Plaintiffs' Fifth and Eighth Amendment rights.

Failure to exhaust under the PLRA is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007). Because the Individual Defendants assert an affirmative defense, they bear the burden

---

[4] McGraw asserts a claim for violations of his Eighth Amendment rights, but Marone does not. Pls.' Am. Compl. ¶¶ 132-39.

**Memorandum Opinion and Order - Page 7**

to prove that McGraw and Marone failed to exhaust their administrative remedies. *See Fontenot*, 780 F.2d at 1194 ("[I]f the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor.") (emphasis in original); *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) ("Since exhaustion is an affirmative defense, the burden is on Appellees [Defendants] to demonstrate that Dillon failed to exhaust available administrative remedies.").[5] As evidence in support of their motion, the Individual Defendants submit the Declaration of Sonya Cole, the Senior Counsel with BOP's Southern Central Regional Office in Grand Prairie, Texas, who includes a computer printout of the BOP's SENTRY's Administrative Remedy system, showing the BP filings, or lack thereof, made by Plaintiffs, in her declaration.[6]

---

[5] The Individual Defendants did not file an answer to Plaintiffs' Complaint or Amended Complaint. Instead, they filed Individual Federal Defendants' Motion to Dismiss (Doc. 21), filed July 15, 2013. Because they did not file an answer, they did not plead the affirmative defense of failure to exhaust administrative remedies under the PLRA pursuant to Federal Rule of Civil Procedure 8. While the affirmative defense was not raised as contemplated by Rule 8, the court finds that Plaintiffs will not suffer any legal prejudice or surprise. *See LSREF2 Baron, LLC v. Tauch*, 751 F.3d 394, 398 (5th Cir. 2014) ("A defendant does not waive a defense if it was raised at a 'pragmatically sufficient time' and did not prejudice the plaintiff in its ability to respond."). The Individual Defendants' Motion to Dismiss made clear that they were raising failure to exhaust administrative remedies under the PLRA as an affirmative defense, and Plaintiffs suffer no surprise or prejudice. Moreover, the Fifth Circuit has held that " a court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust." *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (citations omitted). Although the Individual Defendants' motion for summary judgment is before the court today and not a motion to dismiss, the court finds this language instructive, as Plaintiffs' Amended Complaint acknowledges that they failed to exhaust their administrative remedies. *See* Pls.' Am. Compl. ¶¶ 32, 67 (stating that McGraw and Marone attempted to exhaust their administrative remedies but were prevented from doing so).

[6] The Fifth Circuit has held that an affidavit of BOP's counsel and authenticated computerized administrative remedy records constitutes competent summary judgment evidence. *Huff v. Neal*, 555 F. App'x 289, 294 (5th Cir. 2014) ("[BOP's counsel] swore that '[a] thorough review of BOP computerized administrative remedy records revealed that [Huff] ha[d] failed to exhaust his administrative remedies with respect to the issues raised in his Complaint.' Therefore, we agree with the district court that the defendants put forth competent summary judgment evidence.") (citation omitted).

**Memorandum Opinion and Order - Page 8**

### 1.    McGraw

The Individual Defendants assert that McGraw failed to exhaust his administrative remedies as to all Defendants.   McGraw attempted to file BP-10 forms with the BOP Regional Office on three separate occasions: October 2012, November 2012, and February 2013.  Individual Fed. Defs.' Mot. Summ. J., App. 3-4, Ex. 1.  The October 2012 and November 2012 BP-10 forms were initiated prior to the filing of this action, while the two BP-10 forms submitted on  February 26, 2013 were filed after the commencement of this lawsuit.  Individual Fed. Defs.' Mot. Summ. J., App. 3-4, Ex. 1.

The Individual Defendants contend that the two BP-10 forms that McGraw submitted prior to the initiation of this action cannot provide the basis for exhaustion, because according to Ms. Cole, the October 2012 and November 2012 BP-10 forms submitted by McGraw are unrelated to his *Bivens* claims.  Individual Fed. Defs.' Mot. Summ. J., App. 3, Ex. 1 ("The first two remedies filed by Plaintiff McGraw concern the DHO hearing held on October 4, 2012. . . . Plaintiff McGraw has not raised any of these 2 issues in the *Bivens* claims in his Amended Complaint.").[7]  Moreover, he submitted the other two BP-10 forms on February 26, 2013, after he filed suit in federal court, and "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones*, 549 U.S. at 918-19 (holding that plaintiffs do not need to plead exhaustion in their complaint and that exhaustion is an affirmative defense).

---

[7] McGraw did not file a response to the Individual Defendants' motion for summary judgment.  His only summary judgment evidence is an affidavit submitted with his Amended Complaint, and his affidavit does not address the subject matter of the BP-10 forms filed in October 2012 and November 2012.   The court accepts what the Individual Defendants state as being correct because McGraw does not dispute these facts.   The contents of his BP-10 forms are an important issue, and it would have been in McGraw's best interest to address it.   Accordingly, the court accepts as undisputed fact Ms. Cole's statement that McGraw's BP-10 filings were for matters unrelated to the *Bivens* claims before the court today.

Exhaustion of administrative remedies under 42 U.S.C. § 1997e(a) is mandatory and is required for any suit challenging prison conditions. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)); *Booth v. Churner*, 532 U.S. 731, 741 (2001); *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). Section 1997e(a) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

McGraw did not file a response to the Individual Defendants' motion for summary judgment; however, he attached an affidavit to his Amended Complaint, which is now part of the record and therefore may be considered as competent summary judgment evidence.

The affidavit submitted by McGraw does not deny or dispute that he failed to exhaust his administrative remedies, and there is no genuine dispute of material fact on that point. Moreover, his affidavit does not address the subject matter of the BP-10 forms filed in October 2012 and November 2012. The court accepts what the Individual Defendants states as correct because McGraw does not dispute these facts. The contents of his BP-10 forms are an important issue, and it would have been in McGraw's best interest to address it. Accordingly, the court accepts as undisputed fact Ms. Cole's statement that McGraw's BP-10 filings were for matters unrelated to the *Bivens* claims before the court today. The Individual Defendants, therefore, carried their burden as to their affirmative defense for McGraw's failure to exhaust administrative remedies. As a result, McGraw must identify specific evidence in the record and articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458.

**Memorandum Opinion and Order - Page 10**

McGraw fails to raise a genuine dispute of material fact. McGraw's affidavit contends that he was prevented from exhausting his remedies by BOP staff. The affidavit lists McGraw's attempts to seek administrative remedies and "the responses or lack thereof by B.O.P. staff." Pls.' Am. Compl., McGraw Aff. 1. By asserting these arguments, McGraw attempts to raise a genuine dispute of material fact as to whether he is excused from exhausting his administrative remedies under the PLRA.

The Fifth Circuit has "held that the exhaustion requirement may be subject to certain defenses such as waiver, estoppel, or equitable tolling." *Huff v. Neal*, 555 F. App'x 289, 294 (5th Cir. 2014) (citation and quotation marks omitted). Specifically, the Fifth Circuit "recognized, as a basis for excuse, circumstances where administrative remedies are inadequate because prison officials have ignored or interfered with a inmate's pursuit of an administrative remedy" and stated:

> An inmate may be excused from the exhaustion requirement if the inmate can demonstrate that he relied on an officer's statement and that such reliance effectively rendered his administrative remedies unavailable . . . However, "[a]n administrative remedy does not become unavailable simply because a prisoner has not timely or properly filed a grievance and is consequently later barred from seeking further administrative relief.

*Id.* (citations omitted). In *Huff*, the Fifth Circuit affirmed the district court's holding that there was no genuine dispute of material fact as to whether the plaintiff had exhausted his administrative remedies. The plaintiff argued that the court should excuse his failure to exhaust because he relied on a lieutenant's advice to wait to file an administrative remedy and because he feared retaliation. *Huff* relied on *Johnson v. Ford*, 261 F. App'x 752 (5th Cir. 2008), which held that "[the inmate's] argument that he relied on the Warden's order of an investigation . . . does not serve to excuse his untimely filing of his grievance in the face of a clear . . . deadline to file a formal grievance." *Huff,* 555 F. App'x at 295 (citing *Johnson*, 261 F. App'x at 757) (quotation marks omitted).

**Memorandum Opinion and Order - Page 11**

*Huff* also concluded that the evidence in the case indicated that the "applicable grievance procedure, including the relevant deadlines, was available to Huff" and that his filing of the BP-8 form evidenced knowledge of the grievance procedure and the BOP Program Statement. *Huff*, 555 F. App'x at 295-96. Ultimately, "Huff's assertion regarding Lieutenant Jackson's statement, which is merely a reiteration of an allegation in his complaint, is insufficient to raise a fact issue . . . ." *Id.*[8]

*Huff* is on point, and McGraw's affidavit fails to establish a genuine dispute of material fact. McGraw demonstrated his knowledge of the BOP's grievance procedure by filing BP-10 forms in October 2012 and November 2012 for matters unrelated to his *Bivens* claims. Moreover, the record reflects that McGraw received an Admissions and Orientation Handbook, as part of his orientation at FCI Seagoville, which explains the "exhaustion procedures to file administrative remedies under the [PLRA]." Def. United States of America's Mot. to Dismiss Pls.' Fourth and Fifth Claim for Relief App. 2, Ex. 1. Not only was McGraw provided with materials detailing the grievance procedure, he also demonstrated his knowledge and ability to follow the grievance procedure by filing BP-forms concerning unrelated grievances. McGraw's conclusory assertions are "merely a reiteration of an allegation in his complaint, [and are] insufficient to raise a fact issue regarding whether BOP officials' actions rendered his remedies unavailable, given [his] knowledge of the

---

[8] *Huff* distinguishes itself from *Dillon v. Rogers*, 596 F.3d 260 (5th Cir. 2010), which held that "there was a lack of evidence as to what the inmate knew or 'could have discovered' about the relevant deadlines." *Huff*, 555 F. App'x at 296 n.6 (citations omitted). *Huff* distinguished *Dillon* and stated, "[h]ere, by contrast, the record reflects that Huff could have discovered when a BP–9 was due." *Id.* The court finds that, considering the totality of the circumstances, McGraw's situation is more analogous to the circumstances described in *Huff*. McGraw demonstrated his knowledge and ability to file BP grievance forms by filing BP-10 forms in October 2012 and November 2012. McGraw also received an Admissions and Orientation Handbook, explaining the "exhaustion procedures to file administrative remedies under the [PLRA]." Def. United States of America's Mot. to Dismiss Pls.' Fourth and Fifth Claim for Relief App. 2, Ex. 1. McGraw never responded to Defendant United States of America's Motion to Dismiss, and the court accepts the United States of America's assertion that McGraw received a handbook explaining the exhaustion procedure as true. Moreover, McGraw does not assert that he lacked knowledge of the procedure or deadlines. He argues, instead, that he was prevented from filing; however, he presents only conclusory allegations and fails to point to any evidence in the record to establish frustration.

**Memorandum Opinion and Order - Page 12**

grievance procedure." *See Huff*, 555 F. App'x at 295.   Accordingly, McGraw has failed to raise

a genuine dispute of a material fact on Counts I-IV, and the Individual Defendants are entitled to a

judgment as a matter of law on these claims.

### 2.   Marone

The Individual Defendants assert that  Marone failed to exhaust his administrative remedies

as to all Defendants.  Ms. Cole asserts that Marone did not file any administrative remedies with the

BOP before the initiation of the lawsuit; however, after filing the lawsuit, Plaintiff has filed ten

administrative remedies, all of which concern the Disciplinary Hearing Officer (DHO) hearing held

on February 7, 2013.  Individual Fed. Defs.' Mot. Summ. J., App. 12, Ex. 1.

Marone does not dispute that he failed to exhaust his administrative remedies.  Therefore,

there is no genuine dispute as to any material fact regarding exhaustion of administrative remedies,

and the Individual Defendants carried their burden for their affirmative defense.  Like McGraw,

Marone asserts that he was prevented from exhausting his administrative remedies because the

Individual Defendants frustrated his attempts to exhaust and did not timely provide him with his

Incident Report.  *See* Pl. Marone Opp. to Individual Defs.' Mot. Summ. J. 3 ("How can he file and

exhaust his administrative remedies if he was not supplied with the Incident Report to clearly

appreciate the charges and a Form to file his grievance and response[?]").  Marone, however, does

not present any competent summary judgment evidence in his response in which to rebut the

evidence presented by the Individual Defendants.

Marone relies on conclusory statements and allegations to assert that the Individual

Defendants prevented him from exhausting his administrative remedies.  Marone asserts that he has

satisfied the standards set forth in *Twombly* and *Iqbal* and has adequately pleaded his claims.

**Memorandum Opinion and Order - Page 13**

Marone's reliance on *Twombly* and *Iqbal* is misplaced, as they set forth the pleading standards to survive a motion to dismiss. This action has passed that stage, and to survive summary judgment, he must provide the court with competent summary judgment evidence.

Marone, in a conclusory manner, asserts that he "has clearly stated his position that he was prevented from getting BOP Forms B8s and B9s, after repeated requests from the named defendants." Pl. Marone Opp. to Individual Defs.' Mot. Summ. J. 5. Marone, however, has not cited or identified any evidence in the record to support his assertions. *See Ragas*, 136 F.3d at 458 ("The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim."). Marone's "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. " *See Forsyth*, 19 F.3d at1533. Accordingly, Marone has failed to raise a genuine dispute of a material fact on Counts I-IV, and the Individual Defendants are entitled to a judgment as a matter of law on these claims.

**B.      Individual Defendants' Motion to Dismiss on Qualified Immunity**

The Individual Defendants alternatively move to dismiss based on qualified immunity. Because the court will grant the Individual Defendants' motion for summary judgment, it need not address the Individual Defendants' alternative arguments concerning qualified immunity.

**IV.     Conclusion**

For the reasons stated herein, the court **determines** that the Individual Defendant established that Plaintiffs failed to exhaust their administrative remedies, and that no genuine dispute of material fact exists as to Plaintiffs' claims for (1) Fifth Amendment "due process" violations; (2) Eighth

Amendment rights violations;[9] and (3) conspiracy to violate Plaintiffs' Fifth and Eighth Amendment rights.   Accordingly, the court **grants** the Individual Federal Defendants' Motion for Summary Judgment on Exhaustion of Administrative Remedies and **dismisses with prejudice** this action for failure to exhaust administrative remedies.   The court **denies as moot** the Individual Defendants' Motion to Dismiss on Qualified Immunity.   Judgment will issue by separate document as required by Rule 58 of the Federal Rules of Civil Procedure.

   **It is so ordered** this 12th day of February, 2015.

Sam A. Lindsay
United States District Judge

---

[9] McGraw asserts a claim for violations of his Eighth Amendment rights, but Marone does not.  Pls.' Am. Compl. ¶¶ 132-39.

**Memorandum Opinion and Order - Page 15**