IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JESSE WILLIAM MCGRAW,** an inmate as an individual; and **PAUL MARONE,** an inmate as an individual, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:13-CV-740-L** |
| **WARDEN EDDIE MEJIA,** Federal Correctional Institution, Seagoville; **ASSOCIATE WARDEN BARBARA BLANKENSEE; LIEUTENANT NFN GENTRY; LIEUTENANT NFN SHANNON; LIEUTENANT NFN WIGGINTON; CASE MANAGER NFN SMITH; PATRICIA ANTHONY; CASE MANAGER NFN HOFFMAN; COUNSELOR NFN THURNSTON; LIEUTENANT NFN WILSON; MAUREEN CRUZ,** Former Warden; and the **UNITED STATES of AMERICA,** | § § § § § § § § § § § § § § § | |
| Defendants. | § | |

## JUDGMENT

This judgment is issued pursuant to the court's Memorandum Opinions and Orders, filed February 11 and 12, 2015. It is therefore **ordered, adjudged,** and **decreed** that Plaintiffs Jesse William McGraw and Paul Marone ("Plaintiffs") take nothing against Defendant United States of America; that Plaintiffs' claims for false imprisonment and intentional infliction of emotional distress against the United States are dismissed without prejudice for lack of subject matter jurisdiction.

It is further **ordered, adjudged,** and **decreed** that Plaintiffs take nothing against Defendants

**Judgment - Page 1**

Warden Eddie Mejia, Associate Warden Barbara Blankensee, Lieutenant Gentry, Lieutenant Shannon, Lieutenant Wigginton, Case Manager Smith, Patricia Anthony, Case Manager Hoffman, Counselor Thurnston, Lieutenant Wilson, and Maureen Cruz (collectively, "Individual Defendants"); and that this action against the Individual Defendants is dismissed with prejudice.

It is further **ordered, adjudged,** and **decreed** that the parties shall bear their own costs;[*] and that all relief not granted herein is denied.

It is further **ordered** that the clerk of this court shall transmit a copy of this judgment and a copy of the Memorandum Opinions and Orders dated February 11 and 12, 2015, to Plaintiffs.

**Signed** this 12th day of February, 2015.

　　　　　　　　　　　　　　　　　　　　　Sam A. Lindsay
　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[*] Rule 54(d)(1) of the Federal Rules of Civil Procedure provides, "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Rule 54(d) creates a strong presumption that the prevailing party will be awarded costs. *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985). In this case, however, Plaintiffs are prisoners, and the court, upon consideration of the entire record, does not believe that Plaintiffs should be saddled with costs, as the imposition of costs against them can have a chilling effect on other prisoners who might be inclined to file lawsuits against prison officials regarding prison conditions or treatment. Under these circumstances, the court does not believe that the imposition of costs against Plaintiffs is fair or warranted.

**Judgment - Page 2**